**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Gregorio RASCON–RASCON,
Defendant—Appellee.**

No. 01–10676.

D.C. No. CR–00–01670–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2002 *.

Decided April 30, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, the motions for oral argument are denied.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

### MEMORANDUM **

The Government appeals the district court's decision to depart from the Sentencing Guidelines based on "extraordinary socio-economic conditions" and "family responsibilities." We vacate and remand for resentencing.

### DISCUSSION

#### 1. *Socio–Economic Conditions*

The Sentencing Guidelines prohibit the consideration of "socio-economic status" in sentencing. *See* U.S.S.G. § 5H1.10 (Policy Statement). Thus, certain factors "such as . . . socioeconomic status . . . and economic hardship, are never proper bases for departure." *See United States v. Caperna*, 251 F.3d 827, 830 (9th Cir.2001). We reject Rascon's contention that *United States v. Valdez–Gonzalez*, 957 F.2d 643 (9th Cir.1992), permits such a departure. The departure in that case was not based on socio-economic status, but rather on the defendant's minimal role in the offense. *See id.* at 649 n. 3. Here, the district court rejected a mitigating role reduction based on Rascon's admission that he twice before committed the same offense.

#### 2. *Family Responsibilities*

The Sentencing Guidelines provide that "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *See* U.S.S.G. § 5H1.6 (Policy Statement). Nonetheless, a departure based on family responsibilities is permissible "if the factor is present

to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *See United States v. Aguirre*, 214 F.3d 1122, 1127 (9th Cir.) (internal quotation omitted), *cert. denied*, 531 U.S. 970, 121 S.Ct. 408, 148 L.Ed.2d 315 (2000). The district court here, however, failed to explain why Rascon's family responsibilities are either exceptional or extraordinary. Accordingly, we vacate the sentence imposed and remand to permit the district court the opportunity to make factual findings to justify both the departure and the extent of departure. *See United States v. Working*, 224 F.3d 1093, 1102–03 (9th Cir. 2000) (en banc).

VACATED and REMANDED for further proceedings.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

